PFEIFFER v. MICHELSEN.

Implied Contracts—Work and Labor.

> That plaintiff boarded defendant, and did his washing and mending, for an agreed price per week, will not preclude a recovery by her upon an implied contract for extra services as a nurse, where there is nothing to show that they were to be included under the express contract.

Error to Wayne; Lillibridge, J. Submitted April 13, 1897. Decided May 11, 1897.

*Assumpsit* by Gertrude Pfeiffer against Henry Michelsen for services as nurse. From a judgment for plaintiff, defendant brings error. Affirmed.

The defendant had boarded with the plaintiff since the year 1886. At first he paid $5 per week, then $7. The defendant was adjudged incompetent, and a guardian appointed, July, 1894. Plaintiff brought suit to recover for services as nurse from June 1, 1891, to November 13, 1894. She claimed $15 per week. Her testimony tended to show that he was afflicted with a loathsome disease, which caused running sores, which she dressed daily. She recovered a verdict.

*George X. M. Collier*, for appellant.

*William E. Henze*, for appellee.

Grant, J. (*after stating the facts*). The theory of the defendant is that there could be no recovery upon an implied contract, for the reason that plaintiff was paid a full and specified sum per week for board, and that the jury should have been instructed that they must find for the defendant unless an express contract to pay for nursing was proven. The court might with propriety have

given this instruction, since three witnesses testified positively to a promise on the part of the defendant to pay for these services, and there was no testimony to the contrary. Aside, however, from the testimony of an express contract, the jury would have been justified in finding an implied one. The services rendered were not included in the contract for board, washing, and mending. There is nothing in the circumstances of the hiring, or of the services, to show that either party contemplated that the nursing of the defendant while ill was included in the contract for board. If plaintiff had made a suit of clothes for the defendant, the law would have implied a promise to pay, unless the circumstances were such as to show that the work was done as a gift, and without expectation of pay. So an agreement to pay for services as nurse will be implied under the same circumstances. There was nothing in the relation between these parties to indicate any reason for supposing that she intended to perform this disagreeable and offensive work for nothing, or intended it as a gift or charity. The case was therefore submitted to the jury under the proper instructions.

Errors are assigned upon the admission of testimony. We find no errors in these rulings, and do not discuss them, because they are not of sufficient importance to the profession.

Judgment affirmed.

The other Justices concurred.